**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **SCHWERMAN TRUCKING CO.** | § | |
| **Plaintiff,** | § | |
| | § | |
| **VS.** | § | **CAUSE NO._____** |
| | § | |
| | § | |
| **INLAND ENVIRONMENTAL AND** | § | |
| **REMEDIATION SERVICES, INC.** | § | |
| | § | |
| **Defendant.** | § | |

**<u>PLAINTIFF'S ORIGINAL COMPLAINT</u>**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW **SCHWERMAN TRUCKING CO.**, ("Plaintiff") and complains of Defendant **INLAND ENVIRONMENTAL AND REMEDIATION SERVICES, INC.** ("Defendant") and for cause of action shows:

**A.**
**<u>PARTIES AND SERVICE</u>**

1.      Plaintiff Schwerman Trucking Co. is a Wisconsin company with its principal place of business in Milwaukee, Wisconsin.

2.      Defendant Inland Environmental and Remediation Services, Inc. is a Texas Corporation with its principal place of business in Columbus, Texas, and can be served via its registered agent, J. Winston Krause at 504 W. 13th St., Austin, Texas 78701, or its CEO, David Polston, at 1022 Schultz Rd, Columbus, Texas 78934.

**B.**
**<u>JURISDICTION AND VENUE</u>**

3.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a). Plaintiff is a Wisconsin corporation with its principal place of business in Wisconsin.  Defendant

is a Texas corporation with its principal place of business in Texas.  Further, the amount in controversy in this matter exceeds $75,000.00 and therefore meets the jurisdictional minimum of 28 U.S.C. § 1332(a).

4.      Venue is proper pursuant to 28 U.S.C. § 1391(a)(2) because the Defendant maintains its principal place of business in the Southern District of Texas.

## C.
## BACKGROUND FACTS

7.      Defendant is an oil & gas waste recycling company in Columbus, Texas.  For several months, Defendant has hired Schwerman Trucking Co. to haul various materials for customers in Texas and New Mexico.

8.      Schwerman Trucking Co. provided Defendant with services and paid expenses on an open account and invoiced for the services and expenses on a regular basis.  Defendant accepted the services and became bound to pay Plaintiff the designated charges according to the terms of their agreement and which were reasonable and customary.  The principal balance owed and due to Schwerman Trucking Co. from Defendant is One hundred forty-two thousand seven hundred and ninety-six and 13/100th dollars ($142,796.13) on the open account for the services and expenses provided, after giving credit for any amounts paid by Defendant.

9.      Copies of Plaintiff's records showing the past due account are attached hereto as Exhibit "A".

10.      Written demand for payment was sent by Schwerman Trucking Co. to Defendant, but it has continued to fail to pay the amounts due and owing on the invoices.   A copy of the written demand is attached as Exhibit "B".

**D.**
**BREACH OF CONTRACT**

14.     In the alternative, Defendant breached its written and oral contracts when it wrongfully refused to fully pay Plaintiff the sum of $142,796.13 in past due compensation for services rendered and expenses incurred.  As a result of Defendant's breach of contract, Plaintiff has suffered damages.  In particular, Plaintiff has been damaged in the sum of $142,796.13. The breakdown of moneys due under agreement are more specifically itemized on Exhibit "A", attached hereto and incorporated by reference as if fully copied and set forth at length.  Plaintiff seeks to recover all of its actual, incidental, and consequential damages, together with attorneys' fees and costs and pre-judgment interest and post-judgment interest at the maximum rate allowed by law, resulting from Defendant's breach of contract.

**E.**
**QUANTUM MERUIT**

13.     In the alternative, Defendant retained the benefit of Plaintiff's labor and services without full payment for such services and expenses.  Defendant has been separately enriched.  Such labor and expenses were provided under circumstances which Defendant knew, or reasonably should have known, that Defendants would be expected to compensate Plaintiff for same.  Plaintiff is entitled to recover from Defendants based on quantum meruit, the reasonable value of the services and labor supplied, which Plaintiff alleges to be $142,796.13.

**F.**
**CONDITIONS PRECEDENT**

15.     All conditions precedent to Plaintiff's right to recover and Defendant's liability have been performed or occurred.

**G.**
**ATTORNEY'S FEES**

16.     Plaintiff is entitled to recover reasonable and necessary attorney fees because under Texas Civil Practice and Remedies Code Section 38.001(8) this is a suit for breach of contract.  Plaintiff perfected its right to fees under this statute in that Plaintiff retained counsel and presented a claim for payment to Defendant.  The claim was made by means of a letter dated October 19, 2015.  A true and correct copy of the letter is attached hereto as Exhibit "B" and incorporated herein.  More than 30 days have elapsed since Defendant received the letter, and payment for the amount owed has not been tendered by the Defendant.

**H.**
**INTEREST**

17.     Plaintiff further shows that by virtue of the Tex. Finance Code § 302.002 (2012), interest on open accounts accrues, commencing on the thirtieth day from and after the time the sum is due and payable.  Plaintiff is, therefore, entitled to prejudgment interest from the thirtieth day after each unpaid item of the account became due and payable until the date of judgment.

**I.**
**JURY DEMAND**

18.     The Plaintiff demands a trial by jury.

## PRAYER

WHEREFORE, Schwerman Trucking Co. prays that Inland Environmental and Remediation Services, Inc., be served with citation and judgment be entered against Inland Environmental and Remediation Services, Inc.  Schwerman Trucking Co. seeks to recover judgment against Inland Environmental and Remediation Services, Inc., for Plaintiff's damages of One hundred forty-two thousand seven hundred and ninety-six and $13/100^{th}$ dollars ($142,796.13) plus reasonable attorneys' fees, pre-judgment and post-judgment interest as allowed by law, taxable costs of court, and all other relief to which Plaintiff may be entitled, both general and special, at law and in equity.

Respectfully submitted,

_____

Daniel L. Fulkerson
**LORANCE & THOMPSON, P.C.**
SDN: 26216
SBN: 24025372
2900 North Loop West, Suite 500
Houston, Texas  77092
Telephone:  (713) 868-5560
Facsimile:  (713) 864-4671
**Attorney for Plaintiff,**
**Schwerman Trucking Co.**